**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Yu Hin Chan,<br><br>    Plaintiff,<br><br>v.<br><br>RE/MAX LLC, et al.,<br><br>    Defendants. | No. CV-25-02857-PHX-SMB<br><br>**ORDER** |

Before the Court is Plaintiff's Complaint (Doc. 1) and Application for Leave to Proceed In Forma Pauperis (Doc. 2). After screening the Complaint pursuant to 28 U.S.C. § 1915(e)(2), the Court finds that it fails because it does not presently state a claim on which relief may be granted. Accordingly, the Court will **dismiss** the Complaint with leave to amend.

## I.    LEGAL STANDARD

The Court must review the Complaint to determine whether the action: "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Additionally, Federal Rule of Civil Procedure ("Rule") 8(a) requires that:

> A pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Although Rule 8(a) does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). A complaint that provides "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor will a complaint suffice if it presents nothing more than "naked assertions" without "further factual enhancement." *Id.* at 557.

## II.     DISCUSSION

The Complaint provides:

1. The Current owner of the apartment where Plaintiff resides is Re/Max, as the former owner Raymond Chan claimed in his sworn affidavit,

2. Defendant Re/Max, Kevin C. McClanahan, Karen May Bacdayan, Carmen A. Pacheco, Dawn Hill-Kearse, and Shantonu Basu conspired together in forging the record that Plaintiff filed an Answer to a Court case but truth being Plaintiff never did,

3. This Court has Jurisdiction under the RICO Act

(Doc. 1 at 1.) Plaintiff then demands $1 billion against all Defendants. (Doc. 1 at 2.)

The Court cannot decipher the substance of Plaintiff's allegations. To the extent Plaintiff is attempting to bring a claim under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1962(c) and (d), Plaintiff has failed to allege any facts demonstrating that he is entitled to relief. To the extent Plaintiff attempts to bring a RICO claim, or any other claim, Plaintiff has not connected that claim with any cognizable actions taken by Defendant. The Complaint does not provide any meaningful factual background or assert any discernable causes of actions. In sum, the Complaint has

"naked assertions" without any "factual enhancement" making it improper for this Court to analyze. *See Twombly*, 550 U.S. at 557.

### III. LEAVE TO AMEND

"[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (cleaned up). Plaintiff's amended complaint must address the deficiencies identified above and should follow the form detailed in Rule 7.1 of the Local Rules of Civil Procedure. Within thirty (30) days from the date of entry of this Order, Plaintiff may submit Amended Complaint. Plaintiff must clearly designate on the face of the document that it is the "First Amended Complaint." The Amended Complaint must be retyped or rewritten in its entirety and may not incorporate any part of the original Complaint by reference.

The Court draws attention to the District of Arizona's Federal Court Advice Only Clinic, [Federal Court Advice Only Clinic - Phoenix | District of Arizona | United States District Court (uscourts.gov)](). The Court also notes the E-Pro Se program which assists litigants with creating a Complaint form, [Welcome - eProSe (uscourts.gov)](). Lastly, the Court advises Plaintiff that certain resources for self-represented parties, including a handbook and the Local Rules, are available on the Court's website, [www.azd.uscourts.gov](), by following the link "Self-Represented Litigants."

### IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that Plaintiff's Complaint (Doc. 1) is **dismissed** with leave to file a First Amended Complaint within thirty (30) days of the date of this Order.

**IT IS FURTHER ORDERED** that if Plaintiff does not file a First Amended Complaint within thirty (30) days of the date of this Order, the Clerk of Court shall dismiss this action without further order from the Court.

**IT IS FURTHER ORDERED** that if Plaintiff elects to file a First Amended Complaint, it may not be served unless and until the Court issues an Order screening the

1  First Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2).
2  Dated this 10th day of September, 2025.

_____
Honorable Susan M. Brnovich
United States District Judge

- 4 -